Ara Sahelian, Esq., [CBN 169257]
SAHELIAN LAW OFFICES
23276 South Pointe Drive, Suite 216
Laguna Hills, CA  92653
949. 859. 9200
e-mail: sahelianlaw@me.com
Attorneys for Gary K. Malkhasian; Anna M. Malkhasian

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### (Western Division - Los Angeles)

| | |
|---|---|
| Anthony Bouyer<br>　　　　Plaintiff,<br>vs.<br>Gary K. Malkhasian; Anna M. Malkhasian<br>　　　　Defendants.<br>. | CASE NO.: 2:20-cv-06639-RGK-PD<br>The Honorable R. Gary Klausner<br><br>**POINTS AND AUTHORITIES TO DEFENDANTS' MOTION TO DISMISS [FRCP 12(b)1]**<br><br>Hearing Date: 11/9/20<br>Time: 9:00 AM |

# TABLE OF CONTENTS
**I. INTRODUCTION AND SUMMARY OF ARGUMENT**
Compliance with Local Rule 7-3

**II. BACKGROUND**

**III. ARGUMENT**
A. Defendants Bring a Factual Attack Under Rule 12(b)(1) ............................................................. …… Pg. 4
B. A Factual Attack Under Rule 12(b)(1) Allows District Courts to Review Evidence ............................................................. …… Pg. 5

**IV. CONCLUSION**

---

# TABLE OF AUTHORITIES

*Bernhardt v. County of Los Angeles,*
279 F.3d 862, 868 (9th Cir. 2002) ………………………….. Pg. 4

*United States v. Hays,*
515 U.S. 737, 742, (1995) ……………………………….. Pg. 4

*Lujan v. Defenders of Wildlife,*
504 U.S. 555, 561……………………………………... Pg. 4, 5

*Bender v. Williamsport Area Sch. Dist.,*
475 U.S. 534, 541 (1986) ………………………………. Pg. 5

*White v. Lee,*

227 F.3d 1214, 1242 (9th Cir. 2000) ………………………….... Pg. 6

*McCarthy v. United States,*
850 F.2d 558, 560 (9th Cir. 1988) ……………………….…… Pg. 6

*Trentacosta v. Frontier Pac. Aircraft Indus., Inc.,*
813 F.2d 1553, 1558 (9th Cir. 1987) ……………………….…. Pg. 6

*Augustine v. United States,*
704 F.2d 1074, 1077 (9th Cir. 1983) …………………………. Pg. 6, 7

*Leite v. Crane,*
Co., 749 F.3d 1117, 1121 n.3 (9th Cir. 2014) ………………….. Pg. 7

*Safe Air for Everyone,*
373 F.3d at 1039  ............................................……………. .. Pg. 7

**TABLE OF CONTENTS AND AUTHORITIES**

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

This Motion is being made on behalf of Gary K. Malkhasian; Anna M. Malkhasian (hereinafter also "Defendants"). On July 24, 2020, plaintiff Anthony Bouyer (hereinafter also "Bouyer"), filed the instant action against Defendants, in relation to a Tobacco Shop located at 6815 Foothill Blvd, in Tujunga (hereinafter also, "Property"), asserting claims for "violations of the Americans with Disabilities Act and Unruh Civil Rights Act." Exhibit A shows the location of the property on a map, and Exhibit B shows a street view of the Property.

**Compliance with Local Rule 7-3:** This motion is made following a conference of counsel pursuant to L.R. 7-3 which took place within a week of August 13, in response to a letter dispatched to Plaintiff's attorney requesting a conference.

Emails exchanged subsequently between counsel for Plaintiff and Defendant are marked Exhibit C.

## II. BACKGROUND

In a telephone conversation initiated by Defendants' counsel, Plaintiff's

counsel, Ms. Grace, indicated that the Property was owned by the named Defendants, and that Plaintiff had documentation in support.

Defendants did not receive the documentation. Instead, on October 8, 2020, Defendants received a notice that Plaintiff would request the entry of a default should Defendants not file an answer. Exhibit C is a true and correct copy of the emails exchanged between counsels for Defendants and Plaintiff, and their staff. (See the Declaration of Counsel, ¶2-6).

The Property identified in the complaint is neither owned by any of the Defendants, nor have Defendants ever been tenants at the Property. This was brought to Plaintiff's attention on August 13. (See exhibit C for a true and correct copy of the correspondence exchanged). Defendants were unable to convince the Plaintiff that they had no involvement with the property. Plaintiff promised to submit documents in support of his contention. None was received.

Paragraph 12 of the complaint avers that the property had "no designated parking spaces available for persons with disabilities;" and that "Defendants have: a built up curb ramp that projects from the sidewalk and into the access aisle ..." The allegation makes no sense in that Defendants

do not provide public parking. The only parking available is street parking.

Attached are the declarations of Anna Malkhasian, and Gary Malkhasian in support of the within motion. Also attached are public records indicating that the Property is owned by persons other than the named Defendants. Defendants respectfully request that they be judicially noticed and that the action be dismissed with prejudice as to the named defendants.

### III. ARGUMENT

### A. Defendants Bring a Factual Attack Under Rule 12(b)(1)

Article III standing must be demonstrated at the successive stages of the litigation. "[F]ederal courts are required *sua sponte* to examine jurisdictional issues such as standing." *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002); *United States v. Hays*, 515 U.S. 737, 742, (1995). The existence of Article III standing is not subject to waiver. *Hays, 515 U.S., at* 742. It must be demonstrated "at the successive stages of the litigation," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3).

"[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review.'" *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).

The Supreme Court has developed a three-part test for standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992). First, the plaintiff must have suffered an "injury-in-fact." This consists of an invasion of a legally-protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct serving as the basis of the lawsuit. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Here, there is no causal connection between the injury and the conduct serving as the basis of the lawsuit.

**B. A Factual Attack Under Rule 12(b)(1) Allows District Courts to Review Evidence**

In a factual attack under Rule 12(b)(1), courts "need not presume the truthfulness of the plaintiffs' allegations." *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000). Instead, a factual attack under Rule 12(b)(1) allows district courts to look beyond "the face of the pleadings, [and] review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Motions to dismiss for lack of subject matter jurisdiction "may be made as a speaking motion attacking the existence of subject matter jurisdiction without converting the motion into a motion for summary judgment." *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (citations and internal quotations omitted).

"[W]hen 'ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment.'" *Id.* (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). "Under this standard, 'the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of

law." *Id.* (quoting *Augustine*, 704 F.2d at 1077); see also *Leite v. Crane Co.*, 749 F.3d 1117, 1121 n.3 (9th Cir. 2014) (citations omitted) ("[A] court must leave the resolution of material factual disputes to the trier of fact when the issue of subject- matter jurisdiction is intertwined with an element of the merits of the plaintiff's claims."). In other words, a " [j]urisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Safe Air for Everyone*, 373 F.3d at 1039 (citing *Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 139 (9th Cir. 1983)); see also *Augustine*, 704 F.2d at 1077. "The question of jurisdiction and the merits of an action are intertwined where 'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.'" *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Sun Valley*, 711 F.2d at 139).

    The Court must look beyond "the face of the pleadings, [and] review any evidence.

    The evidence shows - unequivocally - that the named Defendants do

not own the subject property. The Court should employ the standard applicable to a motion for summary judgment. With the standard applied, Defendants should prevail, as the material jurisdictional facts are not in dispute. Defendants are entitled to prevail as a matter of law. The Defendants must therefore be dismissed.

### IV. CONCLUSION

For all the foregoing reasons, the Motion to Dismiss should be granted, as Bouyer has failed to allege sufficient facts establishing Article III standing.

Respectfully Submitted:

Date: October 9, 2020

_____
Ara Sahelian, Esq.
Attorney for Defendants